IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR, et al.,<br><br>　　　　Petitioners,<br><br>　v.<br><br>YOLO COUNTY SUPERIOR COURT, et al.,<br><br>　　　　Respondents. | No. C 14-0318 YGR (PR)<br><br>**ORDER:**<br>**(1) DISMISSING ALL OTHER PETITIONERS' ACTIONS EXCEPT PETITIONER STARR'S;**<br>**(2) DENYING PETITIONER STARR'S MOTION FOR APPOINTMENT OF COUNSEL;**<br>**(3) DENYING HIS REMAINING PENDING MOTIONS AS PREMATURE; AND**<br>**(4) DIRECTING HIM TO FILE:**<br>**(A) NOTICE OF CONTINUED INTENT TO PROSECUTE; AND**<br>**(B) CERTIFICATE OF FUNDS IN SUPPORT OF *IN FORMA PAUPERIS* APPLICATION** |

On January 22, 2014, Petitioner Robin Gillen Starr, a prisoner at Salinas Valley State Prison ("SVSP"), filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 on behalf of himself and other prisoners.

As an initial matter, the Court finds that each Petitioner should proceed in separate cases. Because the claims are not common to all Petitioners, and because these Petitioners have limited access to one another and cannot represent each other in these proceedings, basic case management principles of delay reduction and avoidance of confusion call for their claims to proceed separately. Accordingly, all other Petitioners' actions except for Petitioner Starr's action are DISMISSED from this action without prejudice to allow these other Petitioners to file new actions. The Clerk of the Court shall send the other Petitioners a blank habeas corpus petition form with which to file their own actions.

The Court now reviews the claims submitted by Petitioner Starr (hereinafter "Petitioner"). Among his allegations, which are difficult to decipher on the hand-written petition, Petitioner seems to claim due process violations, a violation of the constitutional protection against double jeopardy, and a denial of his right to cross-examine witnesses. Dkt. 1 at 8-11.[1]

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

1  Also on January 22, 2104, the Clerk sent Petitioner a notice directing him to pay the filing
2  fee or to file a completed *in forma pauperis* ("IFP") application.  The Court cannot conduct an initial
3  review of this matter until Petitioner has either paid the filing fee or completed an IFP application.
4  *See* 28 U.S.C. § 1915(a) (a party is permitted to file a civil action in federal court without
5  prepayment of fees or security if he makes affidavit that he is unable to pay such fees or give
6  security therefor).

7  On February 3, 2014, Petitioner filed a motion leave to proceed IFP; however, he did not file
8  a prisoner trust account statement showing transactions for the last six months or a Certificate of
9  Funds that was signed by an authorized officer at the prison.  Dkt. 10.  Instead, the record shows that
10 Petitioner submitted a Certificate of Funds; however, he signed it -- posing as an authorized officer
11 at SVSP.  *Id.* at 5.

12 Petitioner then filed various motions in the instant action, among them he seeks preliminary
13 injunctive relief (dkt. 4) and leave to file an amended complaint (dkt. 9).  Petitioner also filed
14 motions entitled, "Motion for: Summary Judgment Pursuant to § 1473(pc)" (dkt. 11),[2] and "Motion
15 to Vacate All Sentences" (dkt. 14).  However, as explained below, because Petitioner has not filed
16 the requisite supporting documents with his IFP application, these motions will be denied as
17 premature.

18 This action was originally assigned to Magistrate Judge Donna M. Ryu; however, he
19 declined magistrate judge jurisdiction (dkt. 8) and his case was later reassigned to the undersigned
20 Judge (dkt. 13).  On February 6, 2014 and February 7, 2014, the Clerk's notice regarding the
21 impending reassignment (dkt. 12) and the Order Reassigning Case (dkt. 13), respectively, were
22 mailed to Petitioner at SVSP.

23 On February 25, 2014, Petitioner filed his prisoner trust account statement in support of his
24 IFP application.  Dkt. 15.

---

[2] Because Petitioner does not specify, the Court assumes he is referring to *California Penal Code* § 1473.  Subdivision (a), which deals with the writ of habeas corpus, provides that "[e]very person unlawfully imprisoned or restrained in his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment."  Cal. Penal Code § 1473(a).

On February 27, 2014, the Clerk sent Petitioner a notice directing him to pay the filing fee or to file a proper Certificate of Funds. The Clerk provided another copy of the correct IFP application form, along with a return envelope, instructions, and a notification that the case would be dismissed if Petitioner failed to pay the fee or file the requisite document within twenty-eight days. All the aforementioned documents were mailed to Petitioner at SVSP.

On March 5, 2014, the Clerk's February 6, 2014 notice regarding the impending reassignment (dkt. 12) and the February 7, 2014 Order Reassigning Case (dkt. 13) were returned undeliverable because Petitioner "refused" them. Dkts. 17, 18. Meanwhile, the Clerk's February 27, 2014 notice was not returned as undeliverable; therefore, the Court assumes Petitioner received that notice relating to filing a proper Certificate of Funds, which was due on March 27, 2014.

The March 27, 2014 deadline passed, and Petitioner did not file a proper Certificate of Funds. Instead, he filed more premature motions, including the following entitled: "Motion for Costs" (dkt. 21); two other "Motion[s] for Summary Judgment" (dkts. 23, 26); and a "Motion for an Order for Bodys [sic] to be Produced for Court on Due Process" (dkt. 25). Again, for the same reasons mentioned above, these motions will be denied as premature.

Out of an abundance of caution, on April 23, 2014, the Clerk attempted to send Petitioner a second notice directing him to pay the filing fee or to file a proper Certificate of Funds. The Clerk sent the same forms mentioned above to Petitioner at SVSP.

On April 28, 2014, which was almost a *month* after the March 27, 2014 deadline listed on the Clerk's February 27, 2014 Notice, Petitioner submitted a seven-page document that was docketed as a "Statement," to which he attached another Certificate of Funds. Dkt. 28 at 3. However, this filing was still improper because, again, Petitioner has signed it, posing as an authorized officer at SVSP.

On May 21, 2014, the Clerk's April 23, 2014 notice was returned undeliverable because Petitioner "refused" it. Dkt. 29.

Petitioner then filed two other motions entitled, "Motion for Recall of Sentences" (dkt. 31) and a motion for appointment of counsel (dkt. 34).

On June 2, 2014, the Clerk attempted to send Petitioner a third notice directing him to pay the filing fee or to file a proper Certificate of Funds. The Clerk sent the same forms mentioned above to Petitioner at SVSP.

On July 7, 2014, the Clerk's June 2, 2014 notice was returned undeliverable because Petitioner "refused" it. Dkt. 29.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A district court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987).

In the instant case, Petitioner originally received notice of the improper Certificate of Funds in the Clerk's February 27, 2014 notice. This notice was *not* returned undeliverable. In this notice, the Clerk afforded Petitioner prior notice of dismissal within twenty-eight days if he failed to comply. Dkt. 16 at 1. Indeed, Petitioner has failed to comply because he did not file a *timely and proper* Certificate of Funds by the March 27, 2014 deadline. Instead, as explained above, he filed a late Certificate of Funds, which was *also* improper because he signed it posing as an authorized SVSP officer. On March 5, 2014, May 21, 2104 and July 7, 2014, mail sent to Petitioner was returned as undeliverable with the notation: "Returned to Sender -- Inmate Refused," as well as additional handwritten notations stating, "Refused."

Accordingly, in light of Petitioner's inability to file a timely and proper Certificate of Funds as well as his recent acts of refusing mail, it is in the interests of justice and judicial efficiency for the Court to establish whether Petitioner intends to continue to prosecute this action. Petitioner is directed to follow the instructions below, which includes the filing of: (1) a notice of continued intent to prosecute; and (2) a timely and proper Certificate of Funds, without which the Court cannot conduct an initial review of this matter. *See* 28 U.S.C. § 1915(a).

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

4

1. Only **Petitioner Starr's** action will proceed in the instant matter. All other named Petitioners from SVSP – Daniel Van Hoosen, Donald Roots (AL5553), Harold Hunter (T11939), George Yount, Daryl Fowler, Khousys Franklin, Palilios Santos – are DISMISSED without prejudice to filing their own actions.

2. Petitioner shall file a notice of his continued intent to prosecute no later than **twenty (28) days** of the date of this Order. Petitioner shall also submit a proper Certificate of Funds, *completed and signed by an authorized officer at the prison,* no later than **twenty (28) days** from the date of this Order. Petitioner must submit the Certificate of Funds with a clear indication that it is for the above-referenced case number C 14-0318 YGR (PR). **Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and for failure to pay the filing fee or file a completed in forma pauperis application.**[3] *See Malone*, 833 F.2d at 133 (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

3. Petitioner's motion for appointment of counsel (dkt. 34) is DENIED without prejudice. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner's remaining motions (dkts. 4, 9, 10, 11, 14, 21, 23, 25, 26, 31), which are premature, are DENIED without prejudice to renewing if: (1) he timely files (a) a notice of continued intent to prosecute and (b) a proper Certificate of Funds; and (2) an order to show cause issues.

4. As explained above, Petitioner has filed multiple premature motions in this action. Most of these motions were lengthy and difficult to decipher. Petitioner is cautioned not to file any more premature or unnecessary motions. If Petitioner *does* intend to prosecute this action and submits a timely and proper Certificate of Funds, then all future pleadings submitted by to the Court

---

[3] The Court notes that Petitioner has had a previous action dismissed for similar reasons. *See Starr v. Reisig*, Case No. CIV S-11-3038 GGH P (E.D. Cal. Mar. 23, 2012) (dismissed for IFP deficiency after being given three opportunities to do so).

5

shall comply with the following provisions of Rules 3-4(c)(2)-(3), and 7-4(a)(2)-(5), (b), of the Northern District of California Civil Local Rules:

>Rule 3-4.  Papers Presented for Filing.
>
>(c) General Requirements.
>
>>(2) Written Text.  Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations.  Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch.  Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman).  The text of footnotes and quotations must also conform to these font requirements.
>
>>(3) Identification of Paper.  Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some clear and concise abbreviation.  Once the Court assigns a case number to the action that case number must be included in the footer.
>
>Rule 7-4.  Brief or Memorandum of Points and Authorities.
>
>(a) Content.  In addition to complying with the applicable provisions of Civil L.R. 3-4, a brief or memorandum of points and authorities filed in support, opposition or reply to a motion must contain:
>
>>\*\*\*
>
>>(2) If in excess of 10 pages, a table of contents and a table of authorities;
>>
>>(3) A statement of the issues to be decided;
>>
>>(4) A succinct statement of the relevant facts; and
>>
>>(5) Argument by the party, citing pertinent authorities.
>
>(b) Length.  Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

Civil L.R. 3-4(c)(2)-(3), 7-4(a)(2)-(5), (b).

Any pleadings which do not meet these requirements and for which prior permission to exceed the page limits has not been sought shall be returned to Petitioner without being filed.

5.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

6.      Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

7.      The Clerk shall send Petitioner Starr a blank prisoner IFP application form along with his copy of this Order. The Clerk shall also send each of the other dismissed Petitioners at SVSP: (1) a prisoner IFP application form; and (2) a blank habeas corpus petition form with which to file their own actions, as mentioned above.

8.      This Order terminates Docket Nos. 4, 9, 10, 11, 14, 21, 23, 25, 26, 31 and 34.

IT IS SO ORDERED.

DATED:  July 25, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**