IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>YOLO COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　Respondents.　　　　　／ | No. C 14-0318 YGR (PR)<br><br>**ORDER OF DISMISSAL** |

On January 22, 2014, Petitioner Robin Gillen Starr, a prisoner at Salinas Valley State Prison ("SVSP"), filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 on behalf of himself and other prisoners.

Also on January 22, 2104, the Clerk of the Court sent Petitioner a notice directing him to pay the filing fee or to file a completed *in forma pauperis* ("IFP") application. The Court cannot conduct an initial review of this matter until Petitioner has either paid the filing fee or completed an IFP application. *See* 28 U.S.C. § 1915(a) (a party is permitted to file a civil action in federal court without prepayment of fees or security if he makes affidavit that he is unable to pay such fees or give security therefor). On February 3, 2014, Petitioner filed a motion leave to proceed IFP; however, he did not file a prisoner trust account statement showing transactions for the last six months or a Certificate of Funds that was signed by an authorized officer at the prison. Dkt. 10. Instead, the record shows that Petitioner submitted a Certificate of Funds; however, he signed it -- posing as an authorized officer at SVSP. *Id.* at 5.

On February 25, 2014, Petitioner filed his prisoner trust account statement in support of his IFP application. Dkt. 15.

On February 27, 2014, the Clerk sent Petitioner a notice directing him to pay the filing fee or to file a proper Certificate of Funds. The Clerk provided Petitioner with another copy of the correct IFP application form, along with a return envelope, instructions, and a notification that the case would be dismissed if he failed to pay the fee or file the requisite document within twenty-eight

days. All the aforementioned documents were mailed to Petitioner at SVSP. The Court notes that the Clerk's February 27, 2014 notice was *not* returned as undeliverable; therefore, the Court assumes Petitioner received that notice relating to filing a proper Certificate of Funds, which was due on March 27, 2014.

The March 27, 2014 deadline passed, and Petitioner did not file a proper Certificate of Funds. Out of an abundance of caution, on April 23, 2014, the Clerk attempted to send Petitioner a second notice directing him to pay the filing fee or to file a proper Certificate of Funds. The Clerk sent the same forms mentioned above to Petitioner at SVSP.

On April 28, 2014, which was almost a *month* after the March 27, 2014 deadline listed on the Clerk's February 27, 2014 Notice, Petitioner submitted a seven-page document that was docketed as a "Statement," to which he attached another Certificate of Funds. Dkt. 28 at 3. However, this filing was still improper because, again, Petitioner has signed it, posing as an authorized officer at SVSP.

On May 21, 2014, the Clerk's April 23, 2014 notice was returned as undeliverable because Petitioner "refused" it. Dkt. 29.

In an Order dated July 25, 2014, the Court issued an Order dismissing all other Petitioners' actions except for Petitioner Starr's action. The Court further noted that, in light of Petitioner Starr's inability to file a timely and proper Certificate of Funds as well as his recent acts of refusing mail, it was in the interests of justice and judicial efficiency for it to establish whether Petitioner Starr intended to continue to prosecute this action. The Court specifically stated:

> In the instant case, Petitioner [Starr] originally received notice of the improper Certificate of Funds in the Clerk's February 27, 2014 notice. This notice was *not* returned undeliverable. In this notice, the Clerk afforded Petitioner prior notice of dismissal within twenty-eight days if he failed to comply. Dkt. 16 at 1. Indeed, Petitioner has failed to comply because he did not file a *timely and proper* Certificate of Funds by the March 27, 2014 deadline. Instead, as explained above, he filed a late Certificate of Funds, which was *also* improper because he signed it posing as an authorized SVSP officer. On March 5, 2014, May 21, 2104 and July 7, 2014, mail sent to Petitioner was returned as undeliverable with the notation: "Returned to Sender -- Inmate Refused," as well as additional handwritten notations stating, "Refused."

Dkt. 39 at 4. The aforementioned Order was then mailed to Petitioner at SVSP.

On August 6, 2014, the Court's July 25, 2014 Order was returned as undeliverable because Petitioner "refused" it. Dkt. 42.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A district court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). In addition, the court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

Here, the first three factors, above, weigh in favor of dismissal in light of the fact that Petitioner has refused multiple documents -- all these documents were pertinent and important to the instant matter, especially the Court's July 25, 2014 Order. The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of Petitioner's apparent lack of interest in this case. Although the fifth factor appears to weigh against dismissal, dismissal seems appropriate in light of the other four factors. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).

Notwithstanding the Court's analysis above, it is important to note that Petitioner did not receive its July 25, 2014 Order; therefore, he essentially has not had any notice of the Court's intention to dismiss this action, as required by the Ninth Circuit. *See Malone*, 833 F.2d at 133. In any event, the Court notes that Petitioner still has not submitted a *timely and proper* Certificate of Funds; therefore, this action shall be dismissed for IFP deficiency. It is important to note that Petitioner has had a previous action dismissed for similar reasons. *See Starr v. Reisig*, Case No. CIV S-11-3038 GGH P (E.D. Cal. Mar. 23, 2012) (dismissed for IFP deficiency after being given three opportunities to do so).

In light of the foregoing, and even though the Court finds that this action could be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), the Court DISMISSES

3

1  this action for IFP deficiency.  Accordingly,

2       IT IS HEREBY ORDERED THAT this action is DISMISSED WITHOUT PREJUDICE.

3  The Clerk shall enter judgment, terminate all pending motions and close the case.

4       IT IS SO ORDERED.

5  DATED: August 29, 2014

6  **YVONNE GONZALEZ ROGERS**
   **UNITED STATES DISTRICT COURT JUDGE**

**United States District Court**
**For the Northern District of California**

P:\PRO-SE\YGR\HC.14\Starr0318.DISIFP.wpd          4