UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBIN GILLEN STARR,

        Petitioner,

    v.

YOLO COUNTY SUPERIOR COURT,
et al.,

        Respondents.

Case No.  14-cv-00318-YGR  (PR)

**ORDER DENYING PETITIONER'S
MOTION FOR APPOINTMENT OF
COUNSEL AND DIRECTING HIM TO
FILE NEW HABEAS ACTION**

On January 22, 2014, Petitioner Robin Gillen Starr, a prisoner at Salinas Valley State Prison ("SVSP"), filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 on behalf of himself and other prisoners.  Also on that same date, the Clerk of the Court sent Petitioner a notice directing him to pay the filing fee or to file a completed *in forma pauperis* ("IFP") application.  At that time, the Court could not conduct an initial review of this matter because Petitioner had not either paid the filing fee or completed an IFP application.  *See* 28 U.S.C. § 1915(a) (a party is permitted to file a civil action in federal court without prepayment of fees or security if he makes affidavit that he is unable to pay such fees or give security therefor).

On February 3, 2014, Petitioner filed a motion leave to proceed IFP; however, he did not file a prisoner trust account statement showing transactions for the last six months or a Certificate of Funds that was signed by an authorized officer at the prison.  Dkt. 10.  Instead, the record indicated that Petitioner submitted a Certificate of Funds; however, he signed it -- posing as an authorized officer at SVSP.  *Id.* at 5.

On February 25, 2014, Petitioner filed his prisoner trust account statement in support of his IFP application.  Dkt. 15.

On February 27, 2014, the Clerk sent Petitioner a notice directing him to pay the filing fee or to file a proper Certificate of Funds.  The Clerk provided Petitioner with another copy of the

correct IFP application form, along with a return envelope, instructions, and a notification that the case would be dismissed if he failed to pay the fee or file the requisite document within twenty-eight days.  All the aforementioned documents were mailed to Petitioner at SVSP.  The Court has previously noted that the Clerk's February 27, 2014 notice was not returned as undeliverable; therefore, the Court assumed that Petitioner received that notice relating to filing a proper Certificate of Funds, which was due on March 27, 2014.  Dkt. 45 at 2.

The March 27, 2014 deadline passed, and Petitioner did not file a proper Certificate of Funds.

Out of an abundance of caution, on April 23, 2014, the Clerk attempted to send Petitioner a second notice directing him to pay the filing fee or to file a proper Certificate of Funds.  The Clerk sent the same forms mentioned above to Petitioner at SVSP.

On April 28, 2014, which was almost a month after the March 27, 2014 deadline listed on the Clerk's February 27, 2014 Notice, Petitioner submitted a seven-page document that was docketed as a "Statement," to which he attached another Certificate of Funds.  Dkt. 28 at 3.  However, the Court has determined that this filing was still improper because, again, Petitioner signed it, posing as an authorized officer at SVSP.  Dkt. 45 at 2.

On May 21, 2014, the Clerk's April 23, 2014 notice was returned as undeliverable because Petitioner "refused" it.  Dkt. 29.

In an Order dated July 25, 2014, the Court issued an Order dismissing all other Petitioners' actions except for Petitioner Starr's action.  Dkt. 39 at 5.  The Court further noted that, in light of Petitioner Starr's inability to file a timely and proper Certificate of Funds as well as his acts of refusing mail, it was in the interests of justice and judicial efficiency to establish whether Petitioner Starr intended to continue to prosecute this action.  *Id.* at 4.  The aforementioned Order was then mailed to Petitioner at SVSP.

On August 6, 2014, the Court's July 25, 2014 Order was returned as undeliverable because Petitioner "refused" it.  Dkt. 42.

In an Order dated August 29, 2014, the Court determined that because Petitioner did not receive its July 25, 2014 Order, he essentially did not have any notice of the Court's intention to

2

dismiss this action, as required by the Ninth Circuit.  Dkt. 45 at 3 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987).  In any event, the Court dismissed this action based on IFP deficiency because Petitioner had not submitted a timely and proper Certificate of Funds.  *Id.* at 3.  Again, this Court notes that Petitioner has had a previous action dismissed for similar reasons.  *See Starr v. Reisig*, Case No. CIV S-11-3038 GGH P (E.D. Cal. Mar. 23, 2012) (dismissed for IFP deficiency after being given three opportunities to do so).

Since this action was closed Petitioner has filed a host letters as well as a motion for appointment of counsel (Dkt. 55).  Petitioner has also filed letters in a separate action filed by his father, Robin S. Hampton.  *See* Dkts. 16, 17, 20, 22 in *Hampton v. Brown*, Case No. 14-1901 CRB (PR).

In his motion for appointment of counsel, Petitioner claims that he needs the Court to appoint an attorney for him because he does not have sufficient funds to hire an attorney on his own. Dkt. 55 at 1.  As an initial matter, Court notes that Petitioner has not established his indigency because his IFP application was deficient, which was the reason for the dismissal of this action.  The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  The Court may, however, appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."  18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728.  Here, Petitioner has not established his indigency to show that he qualifies for appointment of counsel and, more importantly, this action is currently closed.  For these reasons, the Court finds that the appointment of counsel is not warranted.  Accordingly, Petitioner's motion for appointment of counsel is DENIED.  Dkt. 55.

In Petitioner's most recently filed letters, both dated December 21, 2014, he continues to complain that he is being "illegally incarcerated."  Dkts. 61, 62.  This Court acknowledges that Petitioner initially filed a habeas action.  Because Petitioner seems to be attacking the validity of his confinement, such claims are appropriately presented in a petition for a writ of habeas corpus

United States District Court
Northern District of California

pursuant to 28 U.S.C. § 2254.  However, as mentioned above, Petitioner incorrectly filed a petition on behalf of himself and other Petitioners.  In addition, the Court could not conduct a review his initial petition without a completed IFP application.  Finally, this action has since been dismissed for IFP deficiency.  Such a dismissal was *without prejudice* to Petitioner filing a new habeas action.  Therefore, if Petitioner wishes to pursue his claims, he must file a *new habeas action* by completing the proper habeas corpus form and filing it *only on behalf of himself*.  Petitioner must also submit a completed IFP application (with the proper supporting documents) or pay the full filing fee along with his new petition.  The Court stresses that if Petitioner chooses to file a new IFP application, he must have the Certificate of Funds signed by an *authorized officer at SVSP*.  The failure to do so could lead to the dismissal of another habeas action for IFP deficiency.

Petitioner should no longer file any motions or letters in this instant *closed* action.  Nor should Petitioner file any letters in his father's action, Case No. 14-1901 CRB (PR).  Any future motions or letters submitted by Petitioner with this case number – Case No. 14-0318 YGR (PR) – will not be received by the Clerk and will be returned to Petitioner.

The Clerk shall send Petitioner a blank habeas corpus petition form as well as a blank prisoner's IFP application.

This Order terminates Docket No. 55.

IT IS SO ORDERED.

Dated: January 9, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California

4